IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNEMARIE BERG ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| vs. ) | |
| ) | |
| AARON'S, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (hereafter the "TCPA") the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1 *et seq*. (hereafter the "FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq*. ("UTPCPL").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff, Annemarie Berg, is an adult individual residing in the Commonwealth of Pennsylvania.

5. Defendant Aaron's, Inc. ("Aaron's") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 400 Galleria Pkwy SE STE 300, Atlanta, GA 30339.

**FACTUAL ALLEGATIONS**

6. At all pertinent times hereto, Defendant was on its own behalf engaged in the act and practice of collecting from Plaintiff a consumer debt.

7. At no time did Plaintiff owe the debt.

8. The debt at issue arose out of alleged transactions which were primarily for personal, family or household purposes and is specifically related to furniture rental that Plaintiff rented in the Commonwealth of Pennsylvania (hereafter the "debt").

9. On or around October 2016, Plaintiff rented furniture from Defendant.

10. On or around December 2016, Plaintiff paid in full all money due and owing at the time to Defendant and returned the furniture.

11. On or around September 2017, Defendant began contacting Plaintiff on her cellular phone to collect the debt from Plaintiff knowing that Plaintiff did not owe the debt.

12. At all times pertinent hereto, Defendant made use of an "automated telephone dialing system" as defined by the TCPA, 47 U.S.C. §227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "auto-dialer") with the intent to annoy, abuse or harass such persons contacted.

13. In or around September 2017, Defendant initially contacted Plaintiff's cellular telephone number using an automated telephone dialing system.

14. From September 2017 to present, Plaintiff repeatedly requested that Defendant stop contacting her on her cellular phone and remove her number from their automated telephone dialing system.

15. Despite these efforts Defendant continued to contact Plaintiff on her cellular telephone from an automated dialing system, with the intent to annoy, abuse, and harass such persons contacted, including but not limited to placing more than fifty (50) calls between September 2017 to Present.

16. Defendant intentionally harassed and abused the Plaintiff on numerous occasions by contacting her several times per day, and on back to back days, with such frequency as can reasonably be expected to harass, even after Plaintiff repeatedly told Defendant's representatives to stop contacting her.

17. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of harassment and abuse.

18. Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

19. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

20. Defendant acted in a false, deceptive, misleading and unfair manner by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

21. Defendant acted in a false, deceptive, misleading and unfair manner by contacting a non-debtor on more than one occasion.

22. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish and pecuniary loss and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's

great detriment and loss.

23.     Defendant knew or should have known that its actions violated the TCPA and other state laws.  Additionally, Defendant could have taken the steps necessary to bring its and its agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

24.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

25.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I - VIOLATION OF THE TCPA

26.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27.     At all times relevant hereto, Defendant used, controlled and/or operated an "automatic telephone dialing system" as defined by § 227(a)(1) of the TCPA.

28.     Defendant initiated multiple calls to Plaintiff's cellular telephone using an automatic telephone dialing system to make the calls without the express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1) of the TCPA.

29.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

30. As a result of the above violations of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory, actual, and treble damages.

## COUNT II - VIOLATION OF THE FCEAU AND UTPCPL

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Defendant is a "creditor" as defined by 73 P.S. § 2270.3 of the FCEUA.

33. Plaintiff is a "debtor" as defined by 73 P.S. § 2270.3 of the FCEUA.

34. The above contacts by Defendant were "communications" relating to a "debt" as defined by 73 P.S. § 2270.3 of the FCEUA.

35. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Aaron's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(b), as evidenced by the following conduct:

   (a) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

   (b) The false representation of the amount, character or legal status of a debt;

   (c) Contacting a non-debtor on more than one occasion; and

   (d) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

37. As a result of the above violations of the FCEUA and TCPA, Plaintiff has suffered

ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That an order be entered declaring that the Defendant's actions as described above are in violation of the FCEUA and the UTPCPL;

(b) That an order be entered enjoining Aaron's from continuing to communicate with Plaintiff in violation of the FCEUA and the UTPCPL;

(c) That judgment be entered against the Defendant for actual damages pursuant to 73 P.S. § 201-9.2(a);

(d) That judgment be entered against the Defendant for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(e) That judgment be entered against the Defendant for treble damages pursuant to 73 P.S. § 201-9.2(a);

(f) That the court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(g) That the Court grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

38. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Treble damages;

(d) Punitive damages;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief as may be necessary, just and proper.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY: _/s/ Mark D. Mailman_
MARK D. MAILMAN, ESQUIRE
ALEXIS I. LEHMANN, ESQUIRE
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: December 29, 2017